IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00370-BNB

ALEXISIUS JONES,

    Plaintiff,

v.

PAULA FRANTZ, Chief Medical Doctor of DCOC,
TOM CLEMENTS, Executive Director of CDOC,
JANICE EADS, Medical at El Paso CJC,
DR. AL-ABDULJALIL, Medical at El Paso CJC,
MRS. JOANN STOCK,
JOSEPH G. FORTUNATO,
DR. LINDSEY E. FISHDEPENA,
MELISSA FILES,
SUSAN TIONA,
DEBORAH SHOCK, and
NURSE WALKER,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Alexisius Jones, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Four Mile Correctional Facility in Cañon City, Colorado. Mr. Jones, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated.

    The Court must construe the Complaint liberally because Mr. Jones is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an Amended Complaint and assert how each properly named party

violated his constitutional rights.

Mr. Jones must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Jones has asserted personal participation by all named Defendants except Tom Clements. Mr. Jones must amend the Complaint to state what Tom Clements, along with all other named defendants, did to him, when the action occurred, how the action harmed him, and what specific legal right he believes Tom Clements and other named defendants violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Jones file within thirty days from the date of this Order an Amended Complaint consistent with this Order. It is

FURTHER ORDERED that Mr. Jones shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Jones fails within the time allowed to file an

Amended Complaint that complies with this Order the Court will proceed to address the merits of the claims as asserted in the original Complaint. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED March 1, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge