IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00370-MSK-MJW

ALEXISIUS JONES,

Plaintiff,

v.

PAULA FRANTZ, Chief Medical Doctor of Colorado Department of Corrections,
RICK RAEMISCH, Acting Excecutive Director, Colorado Department of Corrections,
JANICE EADS, N.P. at El Paso County Criminal Justice Center,
DR. AL-ABDULJAILIL, Doctor at El Paso County Criminal Justice Center,
JOANN STOCK, P.A. at CDOC Sterling Correctional Facility,
JOSEPH G. FORTUNATO, Doctor at CDOC (SCF),
DR. LINDSEY E. FISH dePENA, Doctor at CDOC Colorado Territorial Correctional Facility,
MELISSA FILES, Nurse III at CDOC CTCF,
SUSAN TIONA, Director at CDOC CTCF,
DEBORAH SHOCK, P.A. at CDOC Four Mile Correctional Facility,
NASALLY WORKMAN, Nurse at CDOC Four Mile Correctional Facility,
TONY CUROICHI, Asst. Director of Colorado Department of Corrections,
BRENDA BRIESTER, Colorado Department of Corrections,
JULIE RUSSELL, AIC Headquarters of Colorado Department of Corrections,
MARY ANN ALDRICH, CTCF-Legal Coordinator at CDOC Colorado Territorial Correctional Facility,
JOYCE CROUNK, HSA-CTCF, Coordinator at CDOC Colorado Territorial Correctional Facility,
NURSE MELADEE SIMON, at CDOC Four Mile Correctional Facility,
TERRY MAKETA, Sheriff of El Paso County, and
PAMELA PLOUGHE, Warden of Canon Minimum Center,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Plaintiff's Motion to File Thired (Sic) Amended Complaint (Docket No. 77) is granted to the extent that the Second Amended Complaint (Docket No. 51) is amended to reflect that the plaintiff is suing the defendants in both their individual and official capacities.

In his motion (Docket No. 77), plaintiff merely states the following under a

2

heading entitled "Personal Participation:"

> In the Order Directing Plaintiff to File Amended Complaint, the Court stated:"Mr Jones has asserted personal participation by all named Defendants except Nurse Walker. Mr. Jones must amend the Complaint to state correction Nurse Workman in place of Nurse Walker, along with all the named defendants, did to him when the action occurred, how the action harmed him, and what specific legal rights he believes Nurse Workman and other named defendants violated."
>
> Plaintiff has elected to dismiss defendant Nurse Walker from the action. However, Plaintiff requests to add to the "Original Complaint and **All** Amended Complaint"; the first page, under all named defendants, on the lawsuit, that they are being sued in the "Official and Individual Capacity". All suggested parties are detailed with the explanation that this court has directed plaintiff to do in the Thired [sic] Amended Complaint.

(Docket No. 77).

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). Here, no opposition has been filed to the plaintiff's motion to amend. It appears that the only amendment plaintiff seeks is to add that he is suing all of the defendants in their official capacities. The court finds that plaintiff's motion should be granted.

Date: November 21, 2013