IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00370-MSK-MJW

ALEXISIUS JONES,

Plaintiff,

v.

PAULA FRANTZ, Chief Medical Doctor of Colorado Department of Corrections,
RICK RAEMISCH, Executive Director, Colorado Department of Corrections,
JOANN STOCK, P.A. at CDOC Sterling Correctional Facility,
JOSEPH G. FORTUNATO, Doctor at CDOC (SCF),
DR. LINDSEY E. FISH dePENA, Doctor at CDOC Colorado Territorial Correctional Facility,
MELISSA FILES, Nurse III at CDOC CTCF,
SUSAN TIONA, Director at CDOC CTCF,
NASALLY WORKMAN, Nurse at CDOC Four Mile Correctional Facility,
TONY CUROICHI, Asst. Director of Colorado Department of Corrections,
PAMELA PLOUGHE, Warden of Canon Minimum Center,

Defendants.

---

**RECOMMENDATION ON MOTION TO DISMISS (Docket No. 112)
FILED BY DEFENDANTS FRANTZ, WORKMAN, RAEMISCH, AND PLOUGH**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before the undersigned pursuant to an Order Referring Case issued by Chief Judge Marcia S. Krieger on May 7, 2013. (Docket No. 19).

The pro se incarcerated plaintiff's original Complaint was dated February 7, 2013, and was filed on February 11, 2013. In that pleading, he named the following eleven defendants: Frantz, Clements, Eads, Al-Abduljalil, Stock, Fortunato, Fish dePena, Files, Tiona, Shock, and Walker. On April 15, 2013, a First Amended

Complaint (Docket No. 13) was filed, which was dated April 9, 2013, and in which plaintiff added defendants Curoichi, Brisko, Russell, Aldrich, Crounk, Simon, and Maketa. The operative pleading, however, is the plaintiff's Second Amended Complaint (Docket No. 50), which was dated July 18, 2013, in which plaintiff substituted defendant Workman for defendant Walker, added defendant Ploughe, and corrected defendant Brisko's name to Breister. Plaintiff is suing the defendants in both their personal and their official capacities. (See Docket Nos. 77 and 110). Plaintiff asserts the following in that Second Amended Complaint.

On March 30, 2009, plaintiff was injured in a work-related accident and taken to Concentra Medical Centers where he was diagnosed with a thoracic sprain and strain, contusion of the chest wall, and neck sprain and strain. The doctor prescribed physical therapy and medication to treat these injuries until further diagnosis. The following month, on April 29, 2009, plaintiff was arrested and taken to the El Paso County Criminal Justice Center ("CJC"). While there, plaintiff contacted several medical staff about his ongoing injuries and need for medication and physical therapy. Defendants Janice Eads, N.P., and Dr. Al-Abdulhalil failed to administer adequate medical treatment and denied the prescribed physical therapy. Plaintiff informed defendant Sheriff Meketa of the denial of treatment through the jail's "kite" system. Maketa denied plaintiff medical treatment, physical therapy, and the requested medical day trip to Concentra Medical Centers even though he witnessed plaintiff in pain and having mobility difficulty. As a result, plaintiff's injuries became more "acute and chronic." (Docket No. 50 at 7).

On August 5, 2010, plaintiff was sent to the Colorado Department of Corrections ("CDOC") at the Denver Reception and Diagnostic Center ("DRDC") where plaintiff told

3

medical staff about his injuries. The staff ordered x-rays, but no treatment was provided because plaintiff was sent to a permanent facility.

On August 18, 2010, plaintiff was sent to the Sterling Correctional Facility ("SCF") at which he requested medical treatment. Dr. Mellow diagnosed serious medical injuries, prescribed physical therapy, medications, and further exams, and recommended medical shoes and an adequate mattress. Other SCF medical staff, however, took "an aggressive measure to avoid all medical treatment." (Docket No. 50 at 80). Therefore, no "adequate" treatment and no special accommodations were provided. Dr. Mellow attempted to give her own form of physical therapy.

On an unspecified date, defendant Stock visited plaintiff and started blocking the treatment prescribed by Dr. Mellow and administered the ADA exam to plaintiff, but she did not perform it correctly in order to "blunder" plaintiff's results intentionally. Next, on an unspecified date, defendant Dr. Fortunato visited plaintiff and ordered that all of Dr. Mellows' prescribed treatment be stopped even though he witnessed plaintiff in pain and having mobility difficulty.

On December 23, 2010, plaintiff was transferred to Colorado Territorial Correctional Facility (CTCF) where plaintiff requested medical treatment for his serious medical injuries. On an unspecified date, defendant Dr. Fish dePena visited plaintiff and intentionally failed to give adequate medical care or order the necessary exams for plaintiff, though she witnessed plaintiff in pain and having mobility difficulty. In order to hinder adequate treatment, defendants Crounk and Files began hiding medical files and intercepting medical kites and letters directed to other medical staff (including doctors) and answering them with their opinions. Crounk stopped plaintiff from receiving

4

adequate medical care and lied about the findings from plaintiff's medical exams, though she witnessed plaintiff in chronic pain and having mobility difficulty. Defendant Russell of AIC Headquarters hindered plaintiff from receiving proper medical attention and accurate ADA exams and thus stopped plaintiff from receiving adequate medical care.

While at CTCF, plaintiff's family members attempted to contact defendants CTCF Legal Coordinator Aldrich and Warden Ploughe several times. Plaintiff also communicated in person and in written letters stating the medical problems and pain that were still occurring.

On an unspecified date, CTCF Dr. Havens visited plaintiff and immediately recognized the serious injuries plaintiff was suffering and started physical therapy and provided the ADA exam again. He also issued plaintiff "his medical accommodation and a cane" and stated that he needed to examine the plaintiff again to make sure he could further assist the treatment of his injuries. However, defendant CTCF Dr. Tiona immediately attempted to hinder plaintiff's treatment even though she witnessed him in pain and having mobility difficulty. She purposely prescribed plaintiff "psych-medications" as a way to stop him from complaining about his injuries.

On January 18, 2012, defendants CDOC Assistant Director Curoichi, Breister, and Warden Ploughe were informed of the above actions and of the conduct of their medical staff in the CDOC. Plaintiff's family members attended a public meeting, and plaintiff previously wrote a letter stating the medical problem and pain that were and still occurring, but he was ignored.

On March 15, 2012, plaintiff was moved to Four Mile Correctional Facility

5

("FMCF") and immediately requested medical treatment for his injuries that were getting worse. Dr. Havens was precluded from performing the necessary follow-up exam and the second part of the ADA screening. Defendant P.A. Shock provided the second part of the ADA evaluation and deliberately blundered the exam by forcing the necessary movements and accused plaintiff of faking his injuries though she witnessed him in pain and having mobility difficulty. Shortly after, Shock and defendants Nurse Simon, Nurse Workman, and CDOC Chief Medical Dr. Frantz plotted to take away the plaintiff's medical accommodations and his cane, stating he was a fake. Shortly thereafter, Dr. Ferguson took plaintiff's cane and medical accommodations, stating she was instructed by Frantz to do so through an e-mail "because of a non existing video footage at [FMCF] in 2012." Frantz did not conduct any physical exam of plaintiff before making such order.

As of May 24, 2012, plaintiff has not been able to get any treatment due to the actions of those above.

Plaintiff raises three claims for relief. In Claim One, he alleges an Eighth Amendment violation because the defendants have denied and hindered adequate medical care for the plaintiff. They were aware of his serious medical injuries and failed to administer adequate treatment or physical therapy for the serious medical injuries. His injuries have gotten worse due to the lack of adequate medical treatment, and plaintiff remains in discomfort and suffering, and the serious injuries affect his daily movement and activities. In Claim Two, plaintiff alleges negligence, asserting that "defendants are negligent and medically negligent in failing to administer adequate medical treatment to the plaintiff. The defendants had a duty of care to the plaintiff and

6

were well aware of his serious medical injuries and failed to administer adequate treatment or physical therapy." (Docket No. 50 at 12). In Claim Three, plaintiff alleges outrageous conduct, asserting that "defendants [sic] actions were outrageous in failing to administer adequate medical treatment to the plaintiff. The defendants were aware of his serous medical injuries and failed to administer adequate treatment or physical therapy. To allow the furthering of the injuries and suffering of the plaintiff, the defendants [sic] actions were strictly outrageous." (Docket No. 50 at 13). Plaintiff seeks monetary, declaratory, and injunctive relief.

On November 22, 2013, this court issued a report and recommendation (Docket No. 113) recommending (1) that the Plaintiff's Motion for Preliminary Injuction [Sic] and Temporary Restraining Order (Docket No. 48) be denied, (2) that the Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 50), Fed.R.Civ.P. 12(b)(1), 12(b)(6) filed by Defendant Terry Maketa (Docket No. 51) be granted, and (3) that the Motion to Dismiss filed by Defendants Russell, Breister, Shock, Simon, Aldrich, and Crounk (Docket No. 57) be granted. One week later, counsel entered her appearance for the plaintiff. (Docket No. 114). On January 10, 2014, Chief Judge Krieger adopted the November 22 report and recommendation and made it an order of the court. (Docket No. 128). On February 20, 2014, pursuant to a Stipulation for Dismissal (Docket No. 136), the claims against defendants Eades and Abduljalil were dismissed with prejudice. (Docket No. 137).

In the meantime, a Motion to Dismiss was filed by defendants Paula Frantz, Nasally Workman, Rick Raemisch, and Pamela Ploughe (Docket No. 112), which is now before the court for a report and recommendation. These moving defendants seek

7

dismissal of the Second Amended Complaint (Docket No. 50) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the following grounds: (1) to the extent plaintiff is suing them in their official capacity for damages, they are entitled to immunity pursuant to the Eleventh Amendment; (2) plaintiff's Eighth Amendment claim fails to state a claim upon which relief can be granted; (3) his claims are barred by the statute of limitations; (4) defendants are entitled to qualified immunity; and (4) claims two (negligence) and three (outrageous conduct) should be dismissed for lack of subject matter jurisdiction due to the Colorado Governmental Immunity Act.

Thereafter, plaintiff's new counsel filed a number of motions, including motions for extension of time to file a response to the defendants' motion (Docket No. 120) and to file a Fourth Amended Complaint (Docket No. 121). Chief Judge Krieger granted plaintiff an extension of time until January 14, 2014, to file a response to the motion to dismiss. (Docket Nos. 125 and 126). Thereafter, I denied plaintiff's motion to file a Fourth Amended Complaint (Docket No. 121), noting that there was no deadline for amendment of pleadings (citing Docket No. 99, vacating all deadlines set forth in the Scheduling Order), and finding that plaintiff's motion did not comply with D.C.COLO.LCivR 15.1, as amended on December 1, 2013.

I then held a Show Cause Hearing/Status Conference on January 22, 2014, during which plaintiff's counsel advised the court that only the claims against defendant Rick Raemisch would be pursued, and it was anticipated that all other named defendants would be dismissed. I granted plaintiff's motion to respond to the motion to dismiss (Docket No. 112) out of time, giving plaintiff up to and including February 14, 2014, to file a response to the motion to dismiss. (See Docket No. 134 - Courtroom

Minutes/Minute Order).

The parties have yet to stipulate to the dismissal of the claims against all defendants except defendant Raemisch, nor has the plaintiff filed an amended pleading or a motion to amend pursuant to D.D.COLO.LCivR 15.1. Instead, plaintiff, through counsel, filed a Response (Docket No. 135) to the Motion to Dismiss (Docket No. 112) in which plaintiff states that he

> abandons all claims for damages, and therefore all claims against any current or former DOC Defendant in his or her personal capacity for damages is withdrawn. The Plaintiff also abandons all state law causes of action. This brief only addresses why the pro se Plaintiff's claim for prospective injunctive relief against the DOC Executive Director survives a motion to dismiss. This moots entire sections of the motion to dismiss, and the Plaintiff does not respond to the Attorney General's Eleventh Amendment argument (because that only pertains to damages) nor to the Attorney General's claim that the Plaintiff's state law claims for damages are barred by the Governmental Immunity Act.

(Docket No. 135 at 2). Defendants did not file a Reply.

The court has considered the motion papers as well as applicable Federal Rules of Civil Procedure, the Local Rules, and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2

9

(D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

10

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

Since the plaintiff is not an attorney, his pleading and other papers filed without counsel have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

"[P]risoners have an Eighth Amendment right to adequate medical care . . . ." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). "In keeping with the principle that government officials are generally afforded wide latitude when fulfilling their

discretionary functions, . . . however, in cases where prisoners allege that inadequate or delayed medical care violated their Eighth Amendment rights, it has been established that '[p]rison officials violate the Eighth Amendment [only] when they are deliberately indifferent to the serious medical needs of prisoners in their custody.'" Id.  "[T]he Constitution is only implicated in situations in which prison officials act purposefully to impose unnecessary pain on an inmate; 'inadvertent' denials of care or negligent diagnosis or treatment does not rise to the level of an 8th Amendment violation." Ajaj v. Federal Bureau of Prisons, 2011 WL 902440, at *16 (D. Colo. Mar. 10, 2011).  To plead an Eighth Amendment claim of deliberate indifference to medical needs, "an inmate must allege: (i) that he suffered from a serious medical need–that is, one that has been diagnosed by a medical provider as requiring treatment or one which even a lay person would easily recognize as requiring medical attention; and (ii) the Defendant was subjectively aware of that need and that failing to treat it would pose an excessive risk to the inmate's health or safety, but nevertheless elected to delay or deny treatment for it." Id.  "The subjective component requires an examination into the defendant's actual state of mind.  To satisfy this element, the inmate must plead facts that show that the defendant both 'actually knew of' and 'deliberately disregarded' the fact that the inmate was suffering from a serous medical need." Id.

　　　Section 1983 suits against state officials acting in their official capacities are in effect suits against the State.  See Doe v. Heil, 533 Fed. Appx. 831, 833 n.2 (10th Cir. Aug. 26, 2013). "Such suits are permissible under certain circumstances, notwithstanding the restrictions of the Eleventh Amendment–notably, where it is 'suit for prospective relief against state officials named in their official capacities, based on an

ongoing violation of federal law.'" Id. (quoting <u>Muscogee (Creek) Nation v. Oklahoma Tax Comm'n</u>, 611 F.3d 1222, 1234 (10th Cir. 2010)).

      Here, this court finds that the Second Amended Complaint, when given a liberal construction, adequately states enough facts to state an Eighth Amendment claim for prospective injunctive relief against Executive Director Raemisch in his official capacity that is plausible on its face so as to withstand a motion to dismiss pursuant to Rule 12(b)(6). <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 570. Although not a model pleading, the Second Amended Complaint sufficiently alleges that plaintiff has a serious medical need for which he has not received any medical treatment since May 24, 2012. In addition, plaintiff sets forth a history of his medical treatment while in the CDOC and asserts that various medical providers have deliberately ignored medical orders and plaintiff's repeated requests for treatment despite evidence that plaintiff has been in chronic pain and distress and has been having difficulty ambulating. Plaintiff further alleges that some of the providers have hidden his records, fabricated a non-existent video to support a finding that plaintiff was faking, and misdirected his kites and letters. The court recommends that this action not be dismissed as against defendant Raemisch at this time and that plaintiff be directed to file an amended pleading that includes only his Eighth Amendment claim for prospective injunctive relief against defendant Raemisch. In addition, given the sole remaining claim and defendant, as well as plaintiff's claim that he has received no medical treatment since May 2012, it is recommended that the court direct the parties to engage in an early neutral evaluation, settlement conference, or other alternative dispute resolution proceeding.

      **WHEREFORE,** for the foregoing reasons, it is hereby

13

**RECOMMENDED** that (1) based upon plaintiff's counsel's representations in the Response (Docket No. 135 at 2), that the plaintiff's claims against all defendants except the claim for prospective injunctive relief against the DOC Executive Director Rick Raemisch be voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(2); (2) that the Motion to Dismiss (Docket No. 112) with respect to what would be the remaining claim against defendant Raemisch be denied; (3) that plaintiff be directed to file an Amended Complaint that contains only this one claim against defendant Raemisch; and (4) that the court direct the parties to engage in an early neutral evaluation, settlement conference, or other alternative dispute resolution proceeding.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: June 10, 2014                           s/ Michael J. Watanabe
       Denver, Colorado                        Michael J. Watanabe
                                           United States Magistrate Judge